IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BMO HARRIS BANK NA,<br><br>Plaintiff,<br><br>v.<br><br>KND TRUCKING, and KEVIN NORTH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:18-cv-624<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On November 30, 2020, Defendants' counsel filed a motion to withdraw. *See* Dkt. No. 48. On December 1, 2020, Magistrate Judge Romero granted the motion, instructing Defendants that "[w]ithin twenty-one (21) days after entry of the order, or within the time otherwise required by the court, Defendants KND Trucking, Inc. and Kevin North ("Defendants") shall file a Notice of Appearance." Dkt. No. 50. Judge Romero warned that "[i]f Defendants failed to file a Notice of Appearance they may be subject to sanctions, pursuant to Fed. R. Civ. P. 16(f)(1), including but not limited to dismissal or default judgment." *Id*.

Defendants failed to comply with—or even to respond to—Judge Romero's order. On January 14, 2021, more than two weeks after the deadline for filing a notice of appearance, the court issued an order requiring Defendants to "file a brief showing cause why their opposition to Motion for Summary Judgment should not be stricken and that motion granted" no later than January 28, 2021. Dkt. No. 51. Defendants have not responded in any way to this order to show cause.

Federal Rule of Civil Procedure 16(f)(1) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)" when a party "fails to obey a scheduling or other pretrial order." While the sanctions listed in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)–(vii) do not explicitly include striking an opposition to a motion for summary judgment and granting that motion against a defaulting party, both that Rule and Rule 16(f)(1) authorize the court to issue any "just orders." Given the explicit warning of this sanction provided by the court's order to show cause, as well as Defendants' disregard of that order and the previous order issued by Judge Romero, the court has little difficulty concluding that an order striking Defendants' opposition to Plaintiff's Motion for Summary Judgment and granting that motion would be a just order. In addition, several of the sanctions enumerated in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii) are comparable to such an order, including "prohibiting the disobedient party from . . . opposing designated claims or defenses," "striking pleadings in whole or in part," and "rendering a default judgment against the disobedient party." The court accordingly **STRIKES** Defendants' Memorandum in Opposition to Motion for Summary Judgment, *see* Dkt. No. 27, and **GRANTS** Plaintiff's Motion for Summary Judgment, *see* Dkt. No. 25.

Plaintiff submitted substantial documentation of its damages in connection with its motion for summary judgment. *See* Dkt. No. 25-2 (Aff. Tonya Hinton); Dkt. No. 32-1 (Supp. Aff. Tonya Hinton). The court will accordingly enter judgment for Plaintiff in the amount of $245,131.37 plus attorneys' fees and reasonable costs, for which the Defendants shall be jointly and severally liable. Plaintiff shall submit documentation of its attorneys' fees and reasonable costs no later than March 12, 2021.

**IT IS SO ORDERED.**

          **DATED** this 12th day of February, 2021.

          BY THE COURT:

          */s/ Howard C. Nielson, Jr.*

          Howard C. Nielson, Jr.
          United States District Judge